FINAL REPORT[1]


*New Rule 490.1 and Revision of the <u>Comments</u> to Pa.Rs.Crim.P. 430, 455, and 456*

EXPUNGEMENT OF SUMMARY TRUANCY CASES
NOTICE OF IMPENDING TRUANCY CERTIFICATION

---

On December 21, 2018, effective May 1, 2019, upon the recommendation of the Criminal Procedural Rules Committee, the Court adopted new Rule 490.1 (Procedure for Obtaining Expungement of Truancy Cases; Expungement Order) to provide procedures for the expungement of summary truancy cases as provided for by Act 138 of 2016 and revised the *Comments* to Rules 430 (Issuance of Warrant), 455 (Trial in Defendant's Absence), and 456 (Default Procedures: Restitution, Fines, and Costs) to correct statutory references contained in those *Comments* that have been affected by Act 138.

Act 138 of 2016 (hereafter "the Act") amended truancy protocols in Pennsylvania. The Act, in 24 P.S. §13-1333.3, provides that a child convicted of the summary offense of truancy may request a court to expunge his/her record if certain conditions are met.  These conditions are that the child has earned a high school diploma, a Commonwealth secondary school diploma, or another Department of Education-approved equivalent, or is subject to an exception to compulsory attendance under 24 P.S. §13-1330 and has satisfied any sentence including payment of fines and costs. It should be noted that this expungement procedure applies only to a summary conviction of a truant child not a summary conviction of a parent or guardian.

The intent of the Act is to provide a relatively easy method of expungement of a summary truancy conviction when a defendant has accomplished the requirements of the Act, primarily completion of high school or the equivalent.  Recognizing that these type of cases would be relatively few in number, the Committee nonetheless agreed that the Criminal Rules should be amended to incorporate the procedures that address this particular form of expungement.  In addition, the Committee noted that some of the general summary expungement procedures in Rule 490 would be unnecessary for

---

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules.  Also, note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.

"streamlined" truancy expungement.  The Committee concluded that, rather than incorporating the new procedures into the current rule, it would be clearer to place the procedures for truancy expungement in a separate rule, now Rule 490.1, immediately following the general summary expungement procedures in Rule 490.  The organization of new Rule 490.1 mirrors Rule 490.  This includes provisions regarding the petition for expungement, provisions for review and objection by the Commonwealth, and provisions for the expungement order, if granted.

Under the general summary expungement procedures of Rule 490, when a defendant is eligible for expungement, he or she must file a petition with the clerk of courts and the determination on expungement is made by a common pleas judge. Under the Act, the expungement petition may be filed and adjudicated by a "court," which is defined as "a magisterial district court, the Philadelphia Municipal Court or a Court of Common Pleas."  While allowing these proceedings in the magisterial district courts, which are not courts of record, is problematic, this provision of the Act constitutes a grant of jurisdiction to the minor courts in these cases.  Recognition of this grant of jurisdiction is provided in paragraph (A)(1) of the new rule by stating that the petition may be filed with "the issuing authority by whom the charges were disposed." Because the magisterial district courts are not of record, there was a concern regarding how some of the procedures of the new rule that are required to be "in open court on the record," such as one of the service of the petition options under Rule 114 and entry of the order, would be accomplished.  This concern is addressed by requiring every action taken by a magisterial district judge on the expungement petition in a court proceeding to be reduced to writing with copies provided to the defendant and affiant. This has been included in paragraph (B)(6) of new Rule 490.1 that requires the order to be in writing with a copy being made part of the case record.  This concept is further elaborated in the *Comment*.

Paragraph (A)(2) provides the contents of the petition.  The contents are taken from the requirements of Rule 490.  Most of the information in the Rule 490 petition is required to ensure that the proper case is identified and disposed.  The same concern is present in truancy cases and so the information required in the petition under Rule 490.1 is the same as in Rule 490.  The one exception in contents is the requirement for a Pennsylvania State Police criminal history to be attached.  Since the Act conditions expungement of truancy offenses only on completion of high school or equivalent and satisfaction of the conditions of the original case, criminal history did not appear to be as relevant here as in other summary cases.  The Committee concluded that this requirement should not be carried over into Rule 490.1.

It should be noted that the term "motion" as defined by Rule 103 includes petitions.  The Committee's rationale for this definition was that all types of filing by the

parties seeking relief should be treated uniformly with all of the standard procedures for motions applying.  The term "petition" was used in the other expungement rules because it was the traditional terminology used in expungement and the Committee did not want to suggest that these were completely new procedures; for all intents and purposes, expungement petitions were motions. For the same reason, the term "petition" is used in Rule 490.1.

The new rule also provides for notice to the Commonwealth with the opportunity to respond.  The Committee discussed, given the intended expedited nature of truancy expungement, whether this should be included at all.  The Committee concluded that the truancy conviction remains a summary conviction and it would be inappropriate to deny the Commonwealth the opportunity to review and object prior to expungement of this criminal record.  Therefore, paragraph (B) provides notice and response procedures identical to those in Rule 490.

Paragraph (C) contains the provisions related to the order granting the expungement.  The contents of the order also are identical to those of Rule 490 for other summary expungement orders.  As with the contents of the petition, the same concept, *i.e.* correct identification of the case, are at work here.

The Committee also concluded that the Act did not intend that the adjudicating court have unlimited discretion in denying the petition.  Rather, the Committee concluded that if the petitioner provides confirmation of having completed the educational and other requirements stated in the Act, the court must grant the petition. Therefore, the *Comment* states that, "If the judge finds the petitioner has satisfied the statutory conditions, the judge shall grant the petition."

The Committee also examined the cross-references to the Public School Act of 1949 contained in the *Comments* to Rules 430, 455, and 456.  Those *Comments* contain language regarding the procedures for dependency proceedings when a defendant under 17 has failed to pay the fine and costs in a summary case.  The *Comments* refer to certain provisions in the Public School Act that have been changed by Act 138 of 2016.  Specifically, the *Comments* refer to the old version of 24 P.S. §13-1333(B)(2).  Act 138 repealed that specific provision and the substance of it is now contained in 24 P.S. §13-1333.3(f)(2).  Additionally, the *Comments* describe the consequences of a failure to respond to the 10-day notice in these cases as permitting the issuing authority to "allege the defendant dependent."  The Act removed this provision and now states that in such an event, the defendant may be referred to a probation officer for possible commencement of dependency proceedings.  Finally, the *Comments* refer to defendants being charged who have "attained the age of 13 but is not yet 17."  This has been changed by the Act as well and, as provided in 24 P.S. §13-1333.1, a defendant may not be charged if under the age of 15.  The language in these *Comments* therefore has been revised to reflect these changes as well as the provision

in 24 P.S. §13-133.3(f)(2) that provides for the adoption of a local policy for such referrals.